Burket, J.
The parts of the statutes applicable to the question of jurisdiction of the justice of the peace in this case are as follows:
Section 5S5. “Under the restrictions and limitations herein provided, justices of the peace shall have exclusive original jurisdiction of any sum not exceeding one hundred dollars.”
Section 583. “Justices of the peace within and coextensive with their respective counties shall have jurisdiction and authority. * * *
“9. To proceed against constables failing to make return, making false return, or failing to pay over money collected on execution issued by such justice. * * *
“12. To try actions against other justices of the peace for refusing or neglecting to pay over .moneys collected in their official capacity, where the amount claimed does not exceed one hundred dollars; but nothing in this clause shall be held to deny or impair *18 any remedy provided by law in such case by suit on the official bond of such justice of the peace, or by amercement or otherwise, for such neglect or failure to pay over money collected as aforesaid.”
Sec. 591. “Justices shall not have cognizance of any action:
1. To recover damages for an assault, or assault, and battery; or,
2. In an action for malicious prosecution; or,
3. In actions against justices of the peace or other officers, for misconduct in office, except in the cases provided for in this chapter.”
While the proceeding against constables for failing to make return, making false return, or failing to pay over money collected on execution issued by such justice, and actions against other justices of the peace for refusing or neglecting to pay over money collected in their official capacity, are not designated in these-statutes as “misconduct in office,” they are the only cases to which the exception in part three of section 591 can apply, and therefore they must be held and regarded as the “misconduct in office” covered by the exception, and as to which a justice of the peace has jurisdiction. Other misconduct in office is withdrawn from the jurisdiction of the justice of the peace.
It is altogether clear that before the addition of subdivision 12, to section 583, 70 O. L., 79, a justice of the peace had no jurisdiction against another justice for refusing or neglecting to pay over money collected in his official capacity. This is conceded by counsel for plaintiff in error, in the brief filed in this case.
The jurisdiction of justices of the peace was by subdivision 12 of section 583, extended only to actions, against other justices of the peace for refusing or neglecting to pay over money collected in their official ca *19 pacity, and to no other hind of action, and to no other kind of misconduct in office. While the amendment to the statute extended the jurisdiction, it at the same time, limited that extension. The jurisdiction conferred is not general to all forms of action growing out of failing or neglecting to pay over money collected in his official capacity, but is special and confined to the words of the statute, that is to try actions against other justices of the peace, not against other justices and their bondsmen; to try actions against other justices for refusing or neglecting to pay over money collected in their official capacity, not to enforce the obligation of an official bond against them and their sureties, nor to collect money by amercement, which they have refused or neglected to pay over. The only action which this amendment authorizes is an action against the justice of the peace individually for the money which he has collected in his official capacity and refused or neglected to pay over.
The action before the justice of the peace in the. case at bar was not of that character. It was an action against the justice and his two bondsmen jointly on his official bond, and was not within the letter or scope of the statute. It was not within the “misconduct in office” covered by the exception in subdivision three of section 591, and was therefore included within the “misconduct in office” of which a justice of the peace by the terms of that section has no jurisdiction.
Where a justice of the peace has collected money in his official capacity, not exceeding one hundred dollars, and refused or neglected to pay it over, the party entitled thereto may bring his action against such justice individually before another justice of the peace; or he may proceed by amercement against such *20 justice .individually in the probate court; or he may bring an action against such justice and his bondsmen on his official bond in the court of common pleas, and there may perhaps be other remedies, but not the remedy of bringing an action on the official bond against him and his sureties before another justice of the peace.
The jurisdiction of a justice of the peace in actions on the official bond of another justice of the peace being taken away by said section 591, and not restored by section 583, even though the amount is less than one hundred dollars, it follows that jurisdiction is conferred in such cases upon the court of common pleas by section 456, Revised Statutes, which provides: “The court of common pleas shall have original jurisdiction in all civil cases where the sum or matter in dispute exceeds the exclusive original jurisdiction of justices of the peace.” In actions on official bonds for less than one hundred dollars it is not the sum but the matter in dispute that exceeds the exclusive original jurisdiction of justices of the peace; just as in actions for assault, assault and battery, malicious prosecution, libel or slander, for sums not exceeding one hundred dollars, it is no.t the sum but the matter in dispute, that exceeds the exclusive original jurisdiction of justices of the peace. In all cases where the sum or matter in dispute exceeds the exclusive original jurisdiction of justices of the peace, the jurisdiction devolves upon the court of common pleas, or some other court. Ford v. Parker, 4 Ohio St., 576.
It is therefore clear that the justice of the peace had no jurisdiction of the subject matter in the case at bar, and that the circuit court was right in reversing the judgment.
*21 The same conclusion is reached by another course of reasoning.
The “misconduct in office” embraced in the exception in subdivision three of section 591, and for which actions may be prosecuted before a justice of the peace, are those cases provided'for in the 9 th and 12th subdivisions of section 583, viz.: proceedings against a constable for “failing to make return, making false return, or failing to pay over money collected on execution issued by such justice,” and “actions against other justices of the peace for refusing or neglecting to pay over moneys collected in their official capacity.” For the above named misconduct in office a justice of the peace has jurisdiction to afford a remedy by action against such officer. If such remedy may consist, in any one of such cases, of an action upon the official bond of such officer, the same remedy may be invoked in all such cases; and if an action on the official bond of such officer is not within the jurisdiction of a justice of the peace, as a remedy for such misconduct in office, in any one of said cases, then he has jurisdiction in none of said cases. The remedy by action upon the official bond for such misconduct in office must be applicable to all or none of the above named cásea. They must all stand or fall together.
This court has decided in Hornbuckle v. State, 37 Ohio St., 361, that a justice of the peace has no jurisdiction of an action on the official bond of a constable, as a remedy for misconduct in office, when such misconduct consists of making a false return. Having no jurisdiction in an action on an official bond, when the misconduct consists of making a false return, it follows that he has no jurisdiction in such action when the misconduct consists of failing to make return, or *22 failing to pay over money collected on execution, or for refusing or neglecting to pay over money collected in his official capacity by a justice of the peace.
But it is urged that the words in .the 9th subdivision of section 583, “To proceed against constables,” etc., does not mean to proceed by action, as is the case in subdivision 12 against justices of the peace, and that the proceeding against a constable under said subdivision 9, is in the nature of a proceeding against the constable alone for amercement. We do not concur in the whole of this view. The proceeding against the constable is against him alone, not by or in the nature of amercement, but by action for the recovery of damages and a penalty of ten per cent, thereon. There is no statute authorizing a justice of the peace to amerce a constable. Section 6473, Revised Statutes, provides that, “Actions before justices of the peace are commenced by summons, or by the appearance and agreement of the parties without summons.” Section 6526 provides that, “In all cases before a justice, .the plaintiff, his agent or attorney, shall file with such justice a bill of the particulars of his demand.” To recover the damages and penalty against a constable under section 6698, Revised Statutes, a bill of particulars must be filed and a summons issued, and the proceeding thus commenced will be an “action” as designated iii said section 6473, and in case an appeal should be taken to the court of common pleas, it would in that event be a civil action as provided in section 4971, Revised Statutes. “There shall be but one form of action, which shall be known as a civil action.” The word “proceed” in said subdivision 9, and the word “action,” in subdivision 12, are in legal effect one and the same thing, an action before a justice of the peace.
The justice of the peace did not have jurisdiction of *23 •the case by virtue of section 585, because the jurisdiction conferred by that section is restricted and limited by section 591, and the exception in the last named section does not include an action upon an official bond, and does not bring such action within the exclusive original jurisdiction of a justice of the peace.

Judgment affirmed.